**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JEWISH WAR VETERANS OF THE UNITED STATES )
OF AMERICA, INC., RICHARD A. SMITH, MINA )
SAGHEB, and JUDITH M. COPELAND, )
                Plaintiffs, )
)
v.                                              )   Case No. 1:07-mc-00220 (JDB)
)   Case No. 1:07-mc-00221 (JDB)
ROBERT M. GATES,                    )   Case No. 1:07-mc-00222 (JDB)
Secretary of Defense, in his official capacity, )
)
)
                Defendant. )
)
)

**PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiffs Jewish War Veterans of the United States of America, Inc., Richard A. Smith, Mina Sagheb, and Judith M. Copeland ("Plaintiffs") hereby file their opposition to the Motion for Leave to File Surreply ("Motion"), submitted on July 11, 2007 by Representatives Duncan Hunter, Darrell Issa, and Brian Bilbray (the "Members").

The Court should deny the Members' Motion because the Members failed to comply with the meet-and-confer requirements set forth in Rule 7(m) of the Local Rules for the United States District Court for the District of Columbia. Rule 7(m) provides that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, *either in person or by telephone*, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." (Emphasis added.) The Rule thus "contemplates that counsel will speak to each other." *United States ex rel. K & R Ltd. P'ship v. Mass. Housing Fin. Auth.,* 456 F. Supp. 2d 46, 52 (D.D.C. 2006) ("*K & L Ltd. P'ship*") (quoting *GFL Advantage Fund, Ltd. v. Colkitt*, 216

F.R.D. 189, 194 (D.D.C. 2003)). "A nondispositive motion that does not comply with the Local Rule will be denied." *Id.* (citing *Alexander v. FBI*, 186 F.R.D. 185, 187 (D.D.C. 1999)).

As the June 28, 2007 and June 29, 2007 email exchange between counsel for the Plaintiffs and counsel for the Members (attached hereto as Exhibit A) makes clear, Members declined to discuss the issues covered in the surreply before the Members filed it. Specifically, after Plaintiffs' counsel indicated a willingness to participate in a telephone conversation about the appropriateness of requiring the Members to invoke Speech or Debate Clause privilege on a document-by-document basis, Members' counsel responded that "I'm not sure a conversation makes much sense," and then proceeded to file the Motion without communicating further with Plaintiffs' counsel about the matter.[1] Here, as in *K & R Limited Partnership*, "the language of [Members'] email suggests that [the Members] had already assumed what the outcome of such a discussion would be and viewed a conference as unnecessary." 456 F. Supp. 2d at 52. This approach, however, is squarely at odds with the Rule's requirement that the parties actually talk in an effort to resolve disputes without court intervention, or "at least to reduce or narrow the issues the Court will consider." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 235 F.R.D. 521, 529 (D.D.C. 2006).

For all of the foregoing reasons, Plaintiffs respectfully ask the Court to deny the Members' Motion.

---

[1] As the email exchange set forth in Exhibit A also makes clear, Plaintiffs' initial document requests to the Members specifically asked the Members to set forth their Speech or Debate Clause objections "on a schedule describing its date, author, recipient(s), copyees, subject matter, and a brief statement of your reasons for concluding that it is subject to Speech or Debate Clause immunity." Thus, the very premise of their Motion – that they could not have anticipated Plaintiffs' insistence that they invoke Speech or Debate Clause privilege on a document-by-document basis – is demonstrably wrong.

Respectfully submitted,

/s/ Jonathan H. Siegelbaum
_____
T. Jeremy Gunn (Bar No. 417222)
Daniel I. Mach (Bar No. 461652)
ACLU PROGRAM ON FREEDOM OF
 RELIGION AND BELIEF
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
915 15th St., N.W., Suite 600
Washington, D.C.  20005
Telephone:  (202) 675-2330
Facsimile:  (202) 546-0738

A. Stephen Hut, Jr. (Bar No. 192856)
Jonathan H. Siegelbaum (Bar No. 474837)
WILMER CUTLER PICKERING HALE &
 DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C.   20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Plaintiffs*

July 12, 2007

### Siegelbaum, Jonathan

**From:** Kircher, Kerry [Kerry.Kircher@mail.house.gov]
**Sent:** Friday, June 29, 2007 1:38 PM
**To:** Siegelbaum, Jonathan
**Subject:** RE: Mt. Soledad Litigation

Actually, I'm not sure a conversation makes much sense.

*Kerry W. Kircher*
*Deputy General Counsel*
*Office of the General Counsel*
*U.S. House of Representatives*
*219 Cannon HOB*
*Washington, D.C. 20515*
*202/225-9700 (phone)*
*202/226-1360 (fax)*

---

**From:** Siegelbaum, Jonathan [mailto:Jonathan.Siegelbaum@wilmerhale.com]
**Sent:** Friday, June 29, 2007 10:52 AM
**To:** Kircher, Kerry
**Subject:** RE: Mt. Soledad Litigation

I have calls at noon and 1, but should be around later.

---

**From:** Kircher, Kerry [mailto:Kerry.Kircher@mail.house.gov]
**Sent:** Friday, June 29, 2007 10:50 AM
**To:** Siegelbaum, Jonathan
**Subject:** RE: Mt. Soledad Litigation

I'll call you about this after lunch.

*Kerry W. Kircher*
*Deputy General Counsel*
*Office of the General Counsel*
*U.S. House of Representatives*
*219 Cannon HOB*
*Washington, D.C. 20515*
*202/225-9700 (phone)*
*202/226-1360 (fax)*

---

**From:** Siegelbaum, Jonathan [mailto:Jonathan.Siegelbaum@wilmerhale.com]
**Sent:** Thursday, June 28, 2007 9:31 PM
**To:** Kircher, Kerry
**Subject:** RE: Mt. Soledad Litigation

Kerry -- just to clarify, our position is what we said in our reply memorandum: that the Members must assert Speech and Debate Clause protection on a document-by-document basis. This is entirely consistent with Instruction #1 to the Document Requests to the Members, which states, "If notwithstanding this narrow tailoring

you believe that any responsive document is protected by the Speech or Debate Clause, and you choose not to waive that protection, then in lieu of producing such documents you are instructed to list each such document on a schedule describing its date, author, recipient(s), copyees, subject matter, and a brief statement of your reasons for concluding that it is subject to Speech or Debate Clause immunity."  In other words, you must affirmatively indicate the documents for which you claim Speech and Debate Clause protection.  If we object to any of the privilege designations you make, we reserve the right to seek in camera review as to those documents. We are not proposing that the court conduct in camera review of every document responsive to our requests.

It is your right under the rules for move to leave to file a surreply.  However, we would oppose such a motion, and reserve the right to respond to any surreply that you file.

---

**From:** Kircher, Kerry [mailto:Kerry.Kircher@mail.house.gov]
**Sent:** Thursday, June 28, 2007 3:40 PM
**To:** Siegelbaum, Jonathan
**Subject:** RE: Mt. Soledad Litigation

If that's your position, I will be seeking leave to file a surreply because your original motion did not say anything about that kind of relief.  If it had, I would have addressed the issue in some detail in our opposition.

*Kerry W. Kircher*
*Deputy General Counsel*
*Office of the General Counsel*
*U.S. House of Representatives*
*219 Cannon HOB*
*Washington, D.C. 20515*
*202/225-9700 (phone)*
*202/226-1360 (fax)*

---

**From:** Siegelbaum, Jonathan [mailto:Jonathan.Siegelbaum@wilmerhale.com]
**Sent:** Thursday, June 28, 2007 3:34 PM
**To:** Kircher, Kerry
**Subject:** RE: Mt. Soledad Litigation

Kerry:  yes, we are seeking in camera review.

We will be filing the letter about the Jefferson case this afternoon.

Jon

---

**From:** Kircher, Kerry [mailto:Kerry.Kircher@mail.house.gov]
**Sent:** Thursday, June 28, 2007 10:38 AM
**To:** Siegelbaum, Jonathan
**Subject:** RE: Mt. Soledad Litigation

There is one other thing also.  Are you asking Bates to review in camera the Members' records for S or D privilege?  See your fn. 11.

*Kerry W. Kircher*
*Deputy General Counsel*
*Office of the General Counsel*
*U.S. House of Representatives*
*219 Cannon HOB*

*Washington, D.C. 20515*
*202/225-9700 (phone)*
*202/226-1360 (fax)*

---

**From:** Siegelbaum, Jonathan [mailto:Jonathan.Siegelbaum@wilmerhale.com]
**Sent:** Thursday, June 28, 2007 10:07 AM
**To:** Kircher, Kerry
**Subject:** RE: Mt. Soledad Litigation

If you're envisioning a straightforward recitation to the Court that the case is on appeal, I'd be happy to have you do it.  Thanks.

---

**From:** Kircher, Kerry [mailto:Kerry.Kircher@mail.house.gov]
**Sent:** Wednesday, June 27, 2007 6:01 PM
**To:** Siegelbaum, Jonathan
**Cc:** Davenport, Christine; Brown-Reilly, Alexis
**Subject:** Mt. Soledad Litigation

Jonathan:  Your reply cites Hogan's opinion in the Jefferson case in two places -- fn 11 and page 24 -- without noting in either place that that decision is currently on appeal to the DC Circuit.  Do you want to fix that or do you want me to?

*Kerry W. Kircher*
*Deputy General Counsel*
*Office of the General Counsel*
*U.S. House of Representatives*
*219 Cannon HOB*
*Washington, D.C. 20515*
*202/225-9700 (phone)*
*202/226-1360 (fax)*

7/12/2007