IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEWISH WAR VETERANS OF THE ) <br> UNITED STATES OF AMERICA, INC., ) <br> RICHARD A. SMITH, MINA SAGHEB, ) <br> and JUDITH M. COPELAND, ) <br>          ) <br>            Plaintiffs, ) <br>          ) <br> v.        ) <br>          ) <br> ROBERT M. GATES, ) <br> Secretary of Defense, in His Official Capacity, ) <br>          ) <br>            Defendant. ) <br>          ) | Case No. 1:07-mc-00220 (JB) <br> Case No. 1:07-mc-00221 (JB) <br> Case No. 1:07-mc-00222 (JB) |

**REPLY OF CONGRESSMEN DARRELL E. ISSA, BRIAN P. BILBRAY
AND DUNCAN HUNTER TO PLAINTIFFS' OPPOSITION
TO MOTION FOR LEAVE TO FILE SURREPLY**

Two days ago, Congressmen Darrell E. Issa, Brian P. Bilbray and Duncan Hunter moved for leave to file a surreply to address a new issue that appeared for the first time in the JWV Plaintiffs' Reply Memorandum in Support of Motion to Compel Production of Documents Responsive to Subpoenas (June 25, 2007).  *See* Motion of Congressmen Darrell E. Issa, Brian P. Bilbray and Duncan Hunter for Leave to File Surreply (July 11, 2007) ("Motion for Leave"). The JWV Plaintiffs now oppose our Motion for Leave on two grounds.

    1.  The JWV Plaintiffs's opposition rests primarily on the argument that we failed to comply with Local Rule 7(m) because we did not meet with them in person or confer by telephone "to determine whether there [wa]s any opposition to the relief sought and, if there [wa]s opposition, to narrow the areas of disagreement."  Plaintiffs' Opposition to Motion for Leave to File Surreply at 1-2 (July 12, 2007) ("Opposition").  This argument is not well taken for

the following reasons.

First, undersigned counsel conferred with Jonathan Siegelbaum, primary counsel for the JWV Plaintiffs, at some length by e-mail which is the functional equivalent of a telephone for most lawyers practicing in America today. *Cf. Hearst Corp. v. Goldberger*, 1997 WL 97097 at 12 (S.D.N.Y. 1997) ("e-mails are analogous to . . . telephone communications"). *See* e-mail chain attached as Exhibit 1 to Opposition.

Second, in the course of that e-mail exchange, Mr. Siegelbaum stated unequivocally, on June 28, that "[i]t is your right under the rules for [sic] move to leave to file a surreply. However, we would oppose such a motion . . . ." Accordingly, we hardly "'assumed . . . the outcome of such a discussion,'" as the JWV Plaintiffs suggest, Opposition at 2 (quoting *U.S. ex rel. K & R Ltd. P'ship v. Mass. Housing Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006)). We knew for a fact that the JWV Plaintiffs would not consent to our filing a surreply.

Third, there was no room here "to narrow the areas of disagreement." Local Rule 7(m). The only issue was whether the JWV Plaintiffs would oppose our Motion for Leave or consent: a yes or no question. Mr. Siegelbaum made quite clear that he had selected the former option and, at that point, there was nothing left to discuss.[1]

Fourth, earlier today, undersigned counsel conferred by telephone with A. Stephen Hut – another attorney for the JWV Plaintiffs[2] – and asked whether the JWV Plaintiffs would consent

---

[1] In contrast, we engaged in very extensive Rule 7(m) discussions with the JWV Plaintiffs regarding the underlying discovery motion because, with respect to that motion, there was a real possibility – at least until the JWV Plaintiffs walked away from the table – of "narrow[ing] the areas of disagreement."

[2] We understand that Mr. Siegelbaum has been on vacation this week.

to our filing the Surreply if we withdrew our Motion for Leave and then promptly refiled it (in order to eliminate the JWV Plaintiffs' Rule 7(m) concern). Mr. Hut confirmed, as we suspected, that the JWV Plaintiffs would still oppose our request for leave to file a surreply.

In light of Mr. Hut's frank admission, the JWV Plaintiffs' Rule 7(m) argument reduces itself to the kind of "technicality" that the Court should overlook in light of "the general judicial preference for resolving motions on the merits." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 27 (D.D.C. 2001). Nevertheless, if the Court deems it appropriate, we will refile our Motion for Leave and recite our telephone conversation with Mr. Hut.

2. Substantively, the JWV Plaintiffs do not deny that the issue we discuss in our Surreply – whether *this Court* should conduct some sort of document-by-document review of those responsive documents which the three Members assert are privileged under the Speech or Debate Clause – is a new matter within the meaning of *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276 (D.D.C. 2002), and *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Instead, they say, in a footnote, that we should have "anticipated Plaintiffs' insistence that [the three Members] invoke Speech or Debate Clause privilege on a document-by-document basis," Opposition at 2 n.1, that is, that the Members were obligated to prepare a privilege log. That makes no sense. We did address the privilege log issue in our opposition to the underlying motion because that issue was flagged in the subpoenas themselves and raised in the original motion to compel.

What we did not address in our opposition, and could not have anticipated, was the JWV Plaintiffs' last minute argument that *this Court* should conduct some sort of document-by-document review of those responsive documents which the three Members contend are

3

constitutionally privileged. That argument raises different issues and implicates different authorities, as the Surreply itself should make clear. (It is of more than passing significance that the JWV Plaintiffs do not reference any part of their original motion to compel, which they ought to be able to do had they raised the court review issue earlier.)

For all these reasons, the Motion for Leave was well taken and should be granted, and the JWV Plaintiffs' efforts to keep relevant legal authorities from the Court should be rejected.

                Respectfully submitted,

                GERALDINE R. GENNET, General Counsel
                s/Kerry W. Kircher
                KERRY W. KIRCHER, Deputy General Counsel
                CHRISTINE DAVENPORT, Assistant Counsel
                JOHN FILAMOR, Assistant Counsel

                Office of General Counsel
                U.S. House of Representatives
                219 Cannon House Office Building
                Washington, D.C. 20515
                202/225-9700 (telephone)
                E-mail: kerry.kircher@mail.house.gov

                Counsel for Congressmen Darrell E. Issa, Brian P. Bilbray and Duncan Hunter

July 13, 2007

**CERTIFICATE OF SERVICE**

I certify that on July 13, 2007, I served the foregoing Reply of Congressmen Darrell E. Issa, Brian P. Bilbray and Duncan Hunter to Plaintiffs' Opposition to Motion for Leave to File Surreply through the electronic case filing system, and by .pdf email on the following:

>Jonathan H Siegelbaum, Esq.
>Wilmer Cutler Pickering Hale and Dorr
>1875 Pennsylvania Ave., N.W.
>Washington, D.C.   20006
>Email: jonathan.siegelbaum@wilmerhale.com
>
>Jennifer Allaire
>U.S. Department of Justice, ENRD
>Natural Resources Section
>601 D Street, NW
>P.O. Box 663
>Washington, D.C.   20004-0663
>Email: jennifer.allaire@usdoj.gov
>
>Heide Herrmann
>U.S. Department of Justice, ENRD
>Natural Resources Section
>601 D Street NW
>P.O. Box 663
>Washington, D.C.   20044-0663
>Email: Heide.Herrmann@usdoj.gov

>s/Kerry W. Kircher
>Kerry W. Kircher
>E-mail: kerry.kircher@mail.house.gov