IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEWISH WAR VETERANS OF THE UNITED STATES OF AMERICA, INC., RICHARD A. SMITH, MINA SAGHEB, and JUDITH M. COPELAND, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Misc. Nos. 07-220, 07-221, 07-222 (JDB) |
| ROBERT M. GATES, Secretary of Defense, in his official capacity, | ) ) ) | |
| Defendant. | ) ) ) | |

## PLAINTIFFS' OPPOSITION TO THE MOTION OF CONGRESSMEN DARRELL E. ISSA, BRIAN B. BILBRAY, AND DUNCAN HUNTER FOR STAY PENDING APPEAL

The Members' motion to stay this Court's September 18, 2007 Order, which does not require the Members to produce any documents protected by the Speech or Debate Clause, is unwarranted. *See Jewish War Veterans of the United States, Inc. v. Gates*, --- F. Supp. 2d ----, 2007 WL 2702012 (D.D.C. Sept. 18, 2007) ("Order"). On a motion for a stay pending appeal, "it is the movant's obligation to justify the court's exercise of such an extraordinary remedy." *Cuomo v. NRC*, 772 F.2d 972, 978 (D.C. Cir. 1985). To obtain a stay, the Members must satisfy "stringent standards." *Summers v. Howard Univ.*, 2002 WL 31269623, at *1 (D.C. Cir. Oct. 10, 2002). They must show (1) that they have a substantial likelihood of success on the merits; (2) that they will suffer irreparable injury if the stay is denied; (3) that the issuance of the stay will not cause substantial harm to other parties; and (4) that the public interest will be served by issuance of the stay. *United States v. Philip Morris Inc.*, 314 F.3d 612, 617 (D.C. Cir. 2003). Since the Members cannot satisfy any one, let alone all, of these factors, the requested stay should be denied and the Members should be ordered to comply with the Order immediately.

**ARGUMENT**

I.      **The Members Cannot Show Substantial Likelihood of Success on the Merits**

      A.      **The Order Is Not an Appealable Order**

In determining the movant's chance of success on the merits on appeal, it is appropriate for the Court to first consider the whether appellate jurisdiction would even lie. *See United States v. Fiumara*, 605 F.2d 116, 117 (3d Cir. 1979) (court evaluating a motion for a stay pending appeal "must weigh not only the likelihood of success on the merits but also whether the defendant will be able to satisfy the threshold requirements of jurisdiction"). Here, the D.C. Circuit will likely not even *reach* the merits of the Members' appeal, because the Order appealed from is not an appealable final order or collateral order.

Appeal from decisions of federal district courts may normally only occur after a final judgment has been issued. Under the Judicial Code, "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. As the Supreme Court has put it: "Section 1291 of the Judicial Code generally vests courts of appeals with jurisdiction over appeals from 'final decisions' of the district courts. . . . [W]e have repeatedly interpreted § 1291 to mean that an appeal ordinarily will not lie until after final judgment has been entered in a case." *Cunningham v. Hamilton County*, 527 U.S. 198, 203 (1999); *see also National Ass'n of Criminal Def. Lawyers, Inc. v. DOJ*, 182 F.3d 981, 984 (D.C. Cir. 1999) ("Under the final judgment rule of 28 U.S.C. § 1291, this court has jurisdiction only 'of appeals from … final decisions of the district courts of the United States.'").

Normally, an appeal under Section 1291 is only permissible where the litigation before the district court is definitively over. The D.C. Circuit has "construed the final judgment rule strictly, repeatedly noting that a district court's decision is ordinarily not final until it 'ends the

- 2 -

litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of United States Senate*, 471 F.3d 1341, 1345 (D.C. Cir. 2006) (quoting *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1209 (D.C. Cir. 2004)).

This Court's Order was not a final order and it would not end the litigation. On the contrary, the Order initiated a routine discovery process that the Court would monitor and take part in, and that did not require the Members to produce anything privileged under the Speech or Debate Clause. The Court ordered the Members to produce documents responsive to specifications 1, 2, 4, and 6 of the March 21, 2007 subpoena, and those documents responsive to specifications 3, 5, 7, and 9 that are not protected by the Speech or Debate Clause. Order at *30. In addition, the Court both ordered further filings and scheduled a status conference. *Id.* The Court also explicitly "ke[pt] open the possibility of conducting a review of the documents" *in camera*, should there arise a question whether the Members have fully complied with its order to produce the required documents. *Id.* at *29. Plainly, then, the Order did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Banks*, 471 F.3d at 1345.

Likewise, the prevailing authority is overwhelming that discovery orders directed at non-parties are not immediately appealable as collateral orders. The Supreme Court has "repeatedly held that a witness subject to a discovery order, but not held in contempt, generally may not appeal the order." *Cunningham*, 527 U.S. at 204 n.4 (1999) (citing *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988); *United States v. Ryan*, 402 U.S. 530 (1971); *Cobbledick v. United States*, 309 U.S. 323, 327-330 (1940); *Webster Coal*

& *Coke Co. v. Cassatt*, 207 U.S. 181, 186-187 (1907); *Alexander v. United States*, 201 U.S. 117, 121 (1906)).

This Circuit has similarly disallowed the appeal of orders compelling discovery on non-parties absent a contempt citation:

> We hold that an order compelling the [deposition] testimony of a non-party witness is interlocutory and not appealable under 28 U.S.C. § 1291. Appellate review of the decision is available only by an appeal from a subsequent order of the district court adjudging the recalcitrant witness in contempt.

*United States v. Anderson*, 464 F.2d 1390, 1390 (D.C. Cir. 1972).

The Members' only attempt to avoid this rule is to request a special exemption for Members of Congress by citing dicta in a footnote in a old D.C. Circuit case, *McSurely v. McClellan*, 521 F.2d 1024, 1032 n.25 (D.C. Cir. 1975), which is inapplicable here. As an initial matter, the D.C. Circuit's more recent decisions have narrowly confined the *Nixon* cases, which *McSurely* relied upon, to the President himself. *See, e.g.*, *In re Kessler*, 100 F.3d 1015, 1016-17 (D.C. Cir. 1996) (criticizing other Circuits for applying the *Nixon* exemption to government officials other than the President). Moreover, the *McSurely* decision allowed a Congressman to appeal the denial of summary judgment motion only because his rights under the Speech or Debate Privilege would be "irretrievably lost" if they were, *inter alia*, "subjected to the burden of a trial." *McSurely*, 521 F.2d at 1032. Here, the Court is confronted with a routine discovery dispute and the Order does not require the Members to produce any documents that would be protected by the Speech or Debate clause. Nothing would be "irretrievably lost" by the Members simply complying in good faith with the Order in the first instance.

- 4 -

**B.     The Order Is Not Likely to Be Overturned on the Merits**

The Court's Order was thorough and well-reasoned, and the Members' real objections to the Order are not yet ripe.  Indeed, it seems as if the Members' primary objection to the Order is an institutional concern with the scope of the Speech or Debate clause and the potential for *in camera review*.  Again, however, the Order does not require the Members to produce any documents protected by the Speech or Debate Clause.  If at some point, the Court does order *in camera* review and/or the production of documents that conflicts with the Members' interpretation of the Speech or Debate Clause, then the Members may be able to appeal that decision at that time.  But they cannot appeal certain aspects of the decision that have not yet resulted in an associated Order requiring the Members to do something that they object to doing.  For similar reasons, the Court should limit its consideration of the Members' likelihood of success on the merits to those aspects of its decision, specifically relevance, that resulted in an associated Order that must be complied with immediately.   Even if it does not, however, the Members have little chance of succeeding on the merits of any of their claims, ripe or not.

**1.     *In Camera* Review is Appropriate**

This Court in no sense committed "plain error" in raising the possibility of *in camera* review of disputed discovery materials, as the Members erroneously argue.  Motion at 3-7.  In providing as it did, the Court was merely following the precedent the Court of Appeals recently set by specifically allowing for *in camera* review of documents allegedly covered by the Speech or Debate Clause in *United States v. Rayburn House Office Bldg.*, 497 F.3d 654, 658 (D.C. Cir. 2007).  As the Court pointed out in its Order, the *Rayburn* majority "necessarily believed that the judicial review contemplated by the Remand Order was consistent with, if not compelled by, *Brown & Williamson* [*Tobacco Corp. v. Williams*, 62 F.3d 408 (D.C. Cir. 1995)]."  Order at *29.

The *Rayburn* majority drew no distinctions between "garden variety" discovery and the allegedly

unique criminal situation it was facing in allowing for *in camera* review of materials, and is thus

squarely on point here.

### 2.     Documents that Reflect Legislative Purpose May Not Be Privileged

The Court's Order required the Members to give JWV "access to documents (or portions

thereof) dealing with overall legislative purpose that are both relevant *and not covered by the*

*Speech or Debate Clause*." *Id.* at *28 (emphasis added).  The Members' argument that *all*

documents that reflect legislative purpose, *see* Motion at 7-8, are necessarily covered by the

Speech or Debate Clause is plainly incorrect.  There could well be documents that reflect

legislative purpose that are *not* "an integral part of the deliberative and communicative processes

by which Members participate in committee and House proceedings with respect to the

consideration and passage or rejection of proposed legislation," *Eastland v. United States*

*Servicemen's Fund*, 421 U.S. 491, 504 (1975) (quoting *Gravel v. United States*, 408 U.S. 606,

625 (1972)), and thus are not covered by the Speech or Debate Clause.  For example, as the

Court pointed out, activities that are "political" but not "legislative," and thus not protected,

"'include a wide range of legitimate "errands" performed for constituents, the making of

appointments with Government agencies, assistance in securing Government contracts, preparing

so-called "news letters" to constituents, news releases, and speeches delivered outside the

Congress.'"  Order at *21 (quoting *United States v. Brewster*, 408 U.S. 501, 512 (1972)); *see*

*also id.* (listing various other non-covered communications).  Thus, there are numerous types of

activities and communications that might well reflect the legislative purpose of the Act that do

not qualify as legislative activity.  The Members offer no argument in support of their

dramatically expansive argument that *all* materials that cast light on legislative purpose are

- 6 -

automatically covered by the Speech or Debate privilege even if they are among the types of communications that the courts have specifically held are *not* "legislative activities."

### 3. The Court's Order Did Not Allow Discovery of Documents Reflecting Legislative Activities

Contrary to the Members' intimation, *see* Motion at 8-9, the Plaintiffs do not read the Order as allowing discovery of every document that relates to anything that might be construed as having "some political component." On the contrary, the Order laid out clear and specific examples of the types of activities that are not covered by the Speech or Debate Clause, and those that are. *See* Order at *20-*22. The Members do not quibble with the Court's listing of non-covered activities. Rather, they suggest – without giving examples – that there might be some activities that are both "political" and "legislative" for Speech or Debate Clause purposes, and warn that the Court may have erred in ordering discovery of documents that fall into this overlapping group.

But, the Order made clear that documents are privileged if they reflect "[l]egislative acts." *Id.* at *20 (quoting *Gravel*, 408 U.S. at 625). The Court, relying on relevant precedent, meticulously delineated what types of Congressional activities fall within this category and what types do not. The Plaintiffs do not deny that certain (indeed, arguably all) legislative activities have "some political component" according to some broad definition of the word "political" and yet are covered by the Speech or Debate Clause. But the converse is not true; merely having "some political component" without more does not always implicate "legislative acts." Thus, the Court made clear that activities are not covered if they "do not lead directly to legislation." *Id.* at *21.

### 4. The Members' Argument Regarding House Rule VIII Is Waived and Is in All Events Unpersuasive

For the very first time in this action, the Members now insist that House Rule VIII imposes a dramatically heightened standard of scrutiny of the Plaintiffs' subpoena, beyond the "relevance" requirement of Fed. R. Civ. P. 26(b). Motion at 9-10. This is an entirely new argument that the Members never presented in their merits briefing on the Motion to Compel, though they had a full opportunity to do so. As a result, the D.C. Circuit is exceedingly unlikely even to consider that argument on the merits, and thus it does not support their chances of success on the merits on appeal. *See, e.g., Marymount Hosp., Inc. v. Shalala*, 19 F.3d 658, 663 (D.C. Cir. 1994) ("Arguments not made below are deemed waived, and, absent 'exceptional circumstances' not present here, 'it is not our practice to entertain issues first raised on appeal.'" (quoting *Roosevelt v. E.I. Du Pont de Nemours & Co.*, 958 F.2d 416, 419 & n.5 (D.C. Cir. 1992))).[1]

In any event, the Members, in raising the Rule VIII issue for the first time, make a highly unconvincing Constitutional argument that the Rulemaking Clause somehow gives House Members the power to exempt themselves from Rule 26. On its face, however, the Rulemaking Clause gives the House the power only to "determine the rules *of its proceedings*, punish its members for disorderly behavior, and, with the concurrence of two thirds, expel a member." U.S. Const. Art. I, § 5, cl. 2 (emphasis added). The Clause thus relates to the House's own internal governance, and does not extend to allow the House to exempt itself unilaterally from the requirements of civil litigation overseen by the judiciary. Indeed, if the Clause were as broad as the Members now say it is, it would give rise to serious separation of powers and other

---

[1] The Members also argue that the Court erred in failing to apply the plurality opinion in *Van Orden v. Perry*, 545 U.S. 677 (2005), in determining what materials might be discoverable. Motion at 10-11. However, as the Court correctly pointed out, it is the task of the District Court in California, not a District of Columbia Court resolving a discovery dispute, to determine whether to apply the *Van Orden* plurality's test or another standard in evaluating the Mt. Soledad Cross First Amendment challenge. Order at *10. Once again, the Members "confuse the standard for relevance at the discovery stage with the standard for relevance at subsequent stages of litigation." *Id.* at *16.

Constitutional difficulties. For similar reasons, the Members' related suggestion that the House

has the exclusive power to apply and interpret its own rules is plainly incorrect. *See United

States v. Rostenkowski*, 59 F.3d 1291, 1305 (D.C. Cir. 1995) ("[I]t is perfectly clear that the

Rulemaking Clause is not an absolute bar to judicial interpretation of the House Rules.").[2]


## II.    The Members Will Not Suffer Irreparable Harm

The Members would not suffer any harm, let alone irreparable harm, if they were to

comply with the Order. First, because the Court's Order did not require the Members to produce

any documents that would be privileged under the Speech or Debate Clause, the Members'

professed need to "preserve a constitutional privilege of critical importance," Motion at 12, is a

red herring. No such privilege is at risk. Second, with respect to their Rule VIII argument, the

Members provide no authority (nor can Plaintiffs locate any) in support of the argument that

forcing them to disclose non-privileged documents that may be protected by internal House

Rules would subject them to irreparable harm. The lack of irreparable harm is particularly plain

in light of the possibility that, even absent a stay, an appellate court might eventually order the

return of those non-privileged documents to the Members. There is therefore nothing that would

be irretrievably lost if the Members were to comply with the Order pending appeal. If anything,

by complying with the Order, the Members may be able to resolve some of the jurisdictional

deficiencies in their current appeal, thereby providing the potential option for later appellate

review.

---

[2] The Members' citation to *Goland v. CIA*, 607 F.2d 339, 346 (D.C. Cir. 1978), in support of their argument that "Congress has the constitutional authority to keep its records entirely secret if it chooses, an authority that is rooted in part in the Rulemaking Clause," Motion at 10, is entirely disingenuous. *Goland* did not so much as mention the Rulemaking Clause, and involved requests under the Freedom of Information Act rather than judicial subpoenas. 607 F.2d at 342-344.

### III.    The Plaintiffs Will Be Substantially Injured if a Stay Is Granted

As discussed in their principal briefing in support of their Motion to Compel, the documents that are the subject of the Plaintiffs' subpoena go to the core legal inquiries in their underlying case: the purpose of federal actions regarding the Cross, the effect of those actions, and the degree of entanglement between governmental and religious institutions.  As the Court correctly determined in granting in part the Motion to Compel, "each category of documents requested has the potential to shed light on at least one of the three *Lemon* prongs," and thus is potentially crucial to the key First Amendment inquiry in the case.  Order at *13.  Denying the Plaintiffs access to these documents would prevent them from making the strongest case they can in support of their well-founded Constitutional claims.

The evidence in the San Diego case is not substantially in dispute, and as such all sides acknowledge that the case is highly likely to be resolved on summary judgment.  The due date for Plaintiffs' summary judgment motion in the District Court in San Diego has already passed, and their final summary judgment brief is due on November 29, 2007.  *See* Revised Scheduling Order (Sept. 20, 2007), attached hereto as Exhibit A.  Consequently, if the plaintiffs are not given an opportunity to present discoverable evidence in support of their Motion for Summary Judgment (and in opposition to the cross-motion filed by the defendants in that action), their access to responsive documents held by the Members will as a practical matter be lost.  Even expedited consideration and affirmance by the Court of Appeals would be very unlikely to be completed in time for the Plaintiffs to be able to present the evidence culled from Members' documents in time if a stay pending appeal were granted.[3]  And the possibility that "Plaintiffs can always supplement their summary judgment pleadings later," Motion at 13, presupposes that

---

[3] Let alone the possibility that the Members will petition for Supreme Court review, and another stay, if the Court of Appeals affirms the Order.

the San Diego Court would not issue a summary judgment decision prior to the resolution of the Motion to Compel following appeal.

Further, the Members' suggestion that the Plaintiffs "do not think the Members' documents are critical to their ability to move for summary judgment," Motion at 13, raises the question what the Members believe *is* the motivation behind the subpoena, if not to support their summary judgment motion. Certainly, the Members have not suggested any ulterior motive for the subpoena and subsequent Motion to Compel, nor would the Plaintiffs have had any reason to incur the substantial burden of moving to compel if they did not believe that the documents in question could prove critical to the San Diego case. Without any further manufactured delays, Plaintiffs have an interest in moving this case – which has proceeded in various forms for nearly twenty years, due in large part to deliberate obstructionist tactics by defenders of the Mt. Soledad Cross – to a final resolution.

## IV.    The Public Interest Is Served by Denying a Stay

The subpoenaed documents are potentially critical to the resolution of a very public lawsuit that implicates fundamental First Amendment principles. These documents seem likely to contribute to a court's determination of whether the federal government's taking and continued display of the Mt. Soledad Cross violate the Establishment Clause. Certainly, the public has an interest in a swift and proper ruling on that Constitutional question. The Members' attempts to prevent the Plaintiffs from getting access to the disputed documents stand in the way of such a ruling.

Further, the granting of a stay creates the strong likelihood of a substantial waste of judicial resources, as it could impact the San Diego District Court's ability to resolve definitively

and expeditiously the action before it on summary judgment. As discussed above, if a stay is granted – and even if the D.C. Circuit affirms – it is very unlikely that the Plaintiffs will be able to include evidence from the Members' documents in their summary judgment briefing. If that happens, and the San Diego court issues a summary judgment decision before the Plaintiffs can present this evidence, then the only way they can potentially present the evidence is through a motion to reconsider or similar filing. Such undertakings by both the Court and the parties would be rendered wholly unnecessary if the Plaintiffs are able to present all relevant and discoverable evidence in their current summary judgment briefing. The public has an interest (fiscal and otherwise) in efficient and timely adjudication of cases, particularly one as complex and time-consuming as the pending action in San Diego.

## CONCLUSION

For the foregoing reasons, the Court should deny the Members' Motion. A proposed order is attached.

Respectfully submitted,

_____/s/ Ryan Phair_____
T. Jeremy Gunn (Bar No. 417222)
Daniel I. Mach (Bar No. 461652)
ACLU PROGRAM ON FREEDOM OF
    RELIGION AND BELIEF
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
915 15th St., N.W., Suite 600
Washington, D.C.  20005
Telephone:  (202) 675-2330
Facsimile:  (202) 546-0738

A. Stephen Hut, Jr. (Bar No. 192856)
Ryan Phair (Bar No. 479050)
Adam Raviv (Bar No. 496289)
WILMER CUTLER PICKERING HALE &
    DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C.  20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Plaintiffs Jewish War Veterans
of the United States of America, Inc., David
A. Smith, Mina Sagheb, and Judith M.
Coleman*

October 16, 2007

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE TRUNK and PHILIP K. PAULSON, | ) Case No. 06-CV-1597 LAB (WMc) |
| | ) (consolidated with 06cv1728) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF SAN DIEGO, THE UNITED STATES | ) **REVISED SCHEDULING ORDER** |
| OF AMERICA, et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| MOUNT SOLEDAD MEMORIAL | ) |
| ASSOCIATION, | ) |
| | ) |
| Real parties in interest. | ) |
| | ) |
| ——————————————————— | ) |
| JEWISH WAR VETERANS OF THE UNITED | ) |
| STATES OF AMERICA, INC., RICHARD A. | ) |
| SMITH, MINA SAGHEB, and JUDITH M. | ) |
| COPELAND, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT M. GATES, Secretary of Defense, in | ) |
| his official capacity, | ) |
| | ) |
| Defendant. | ) |

For good cause shown, the Court hereby revises the Scheduling Order in the above-captioned actions as follows:

| | |
|---|---|
| September 24, 2007 | Joint statement of agreed facts and disputed facts to be filed ("Joint Statement"). |
| October 4, 2007 | Plaintiffs' motions for summary judgment due. |
| November 1, 2007 | Defendants' oppositions to Plaintiffs' motions for summary judgment and Defendants' motions for summary judgment due. |

/ / /

- 1 -

06-CV-1597 LAB (WMc)

November 29, 2007          Plaintiffs' oppositions to Defendants' motions for summary
                          judgment and Plaintiffs' replies in support of motions for
                          summary judgment motion due.

December 27, 2007          Defendants' replies in support of motion for summary
                          judgment due.

January 22, 2008, 10:30 a.m.  Hearing on motions.


          **IT IS SO ORDERED**.


DATED September 20, 2007.

                          _Larry A. Burns_
                          _____
                          **Hon. Larry Alan Burns,**
                          **United States District Judge**

06-CV-1597 LAB (WMc)

- 2 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEWISH WAR VETERANS OF THE UNITED STATES OF AMERICA, INC., RICHARD A. SMITH, MINA SAGHEB, and JUDITH M. COPELAND, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Misc. Nos. 07-220, 07-221, 07-222 |
| ROBERT M. GATES, Secretary of Defense, in his official capacity, | ) (JDB) ) ) ) |
| Defendant. | ) ) ) |

## ORDER

**UPON CONSIDERATION** of the Motion of Congressmen Darrell E. Issa, Brian P.

Bilbray and Duncan Hunter for Stay Pending Appeal ("Motion"), the opposition thereto, and the

entire record herein, it is by the Court this _____ day of _____, 2007

**ORDERED** that the Motion is **DENIED**.

_____
John Bates
U.S. District Judge