# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5335**  **September Term, 2007**

Filed On: May 6, 2008

Jewish War Veterans of the United States of America,
Inc., et al.,
    Appellees

v.

Robert M. Gates, Secretary of Defense, in his Official
Capacity,
    Appellee

Darrell E. Issa, U.S. Representative; Brian P. Bilbray,
U.S. Representative; Duncan Hunter, U.S.
Representative,
    Appellants.

**MANDATE**

Pursuant to the provisions of Fed. R. App.Pro.41(a)

ISSUED: 6/17/08

BY: _____ Deputy Clerk

ATTACHED: ___ Amending Order
               ___ Opinion
               ___ Order on Costs

Appeal from the United States District Court
for the District of Columbia
(No. 07ms-00220)

**BEFORE:** SENTELLE, *Chief Judge*, RANDOLPH and ROGERS, *Circuit Judges*.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).

Appellants, three Congressmen, ask us to review an order granting in part and denying in part a motion to compel compliance with subpoenas seeking documents relevant to an ongoing Establishment Clause challenge to the Mt. Soledad Veterans Memorial. *See Jewish War Veterans of U.S.A., Inc. v. Gates*, 506 F. Supp. 2d 30 (D.D.C. 2007). The appeal rests on appellants' claim that the order forces them to produce documents in violation of the Speech or Debate Clause of the Constitution, U.S. CONST. art. I, § 6, cl. 1.

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5335**                                                                **September Term, 2007**

However, the district court's decision did not order the disclosure of any particular document to which a Speech or Debate Clause objection had been made. It simply sketched a framework of the Speech or Debate Clause. *Jewish War Veterans*, 506 F. Supp. 2d at 52–60. Recognizing that its opinion did not "establish the brightest of lines, leaving room for disagreement as to which documents must be disclosed," the court concluded in appellants' favor that "judicial resolution of the claims of legislative privilege is a last resort, not a first step." *Id.* at 61–62. Accordingly, the court "entrust[ed] the Members with the initial—and perhaps the ultimate—responsibility of applying the principles set forth in [its] Memorandum Opinion" to the subpoenaed documents. *Id.* at 62.

At this point in the litigation, appellants have not claimed that any particular document is privileged. A ruling from this Court now would force us to review the district court's assessment of the Speech or Debate Clause in theoretical terms. And while the district court kept "open the possibility of conducting a review of the documents" in the future, it expected "that the Members will honor their commitment to producing documents that are relevant and not privileged," making later *in camera* review unnecessary. *Id.* (internal quotation marks omitted). As we have stated many times before, "a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Devia v. Nuclear Regulatory Comm'n*, 492 F.3d 421, 425 (D.C. Cir. 2007) (internal quotation marks omitted).

It is **ORDERED AND ADJUDGED** that the appeal be dismissed for lack of jurisdiction.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. See FED R. APP. P. 41(b); D.C. CIR. R. 41.

                                       **Per Curiam**
                                       **FOR THE COURT:**
                                       Mark J. Langer, Clerk

                        BY:    /s/
                                       Michael C. McGrail
                                       Deputy Clerk