**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEWISH WAR VETERANS OF THE ) <br> UNITED STATES OF AMERICA, INC., ) <br> RICHARD A. SMITH, MINA SAGHEB, ) <br> and JUDITH M. COPELAND, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROBERT M. GATES, ) <br> Secretary of Defense, in His Official Capacity, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:07-mc-00220 (JB) <br> Case No. 1:07-mc-00221 (JB) <br> Case No. 1:07-mc-00222 (JB) |

**MOTION OF CONGRESSMEN
DARRELL E. ISSA, BRIAN P. BILBRAY AND DUNCAN HUNTER
TO VACATE SEPTEMBER 18, 2007 MEMORANDUM OPINION AND ORDER**

Pursuant to Rule 7(b) and 60(b) of the Federal Rules of Civil Procedure, Congressmen Darrell E. Issa, Brian P. Bilbray and Duncan Hunter respectfully move for an order vacating this Court's September 18, 2007 Memorandum Opinion and Order for all the reasons set forth in the Memorandum of Points and Authorities filed simultaneously herewith.

A proposed order is attached and oral argument is not requested.

                                                                           Respectfully submitted,

                                                                           IRVIN B. NATHAN, General Counsel
                                                                           (D.C. Bar # 90449)
                                                                           <u>s/Kerry W. Kircher</u>
                                                                           KERRY W. KIRCHER, Deputy General Counsel
                                                                           (DC Bar #386816)
                                                                           CHRISTINE DAVENPORT, Assistant Counsel

JOHN FILAMOR, Assistant Counsel
(DC Bar #476240)
RICHARD KAPLAN, Assistant Counsel
(DC Bar # 978813)

Office of General Counsel
U.S. House of Representatives
219 Cannon House Office Building
Washington, D.C. 20515
202/225-9700 (telephone)
E-mail: kerry.kircher@mail.house.gov

Counsel for Congressmen Darrell E. Issa, Brian P. Bilbray and Duncan Hunter

August 27, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEWISH WAR VETERANS OF THE UNITED STATES OF AMERICA, INC., RICHARD A. SMITH, MINA SAGHEB, and JUDITH M. COPELAND,<br><br>        Plaintiffs,<br><br>    v.<br><br>ROBERT M. GATES, Secretary of Defense, in His Official Capacity,<br><br>        Defendant. | Case No. 1:07-mc-00220 (JB)<br>Case No. 1:07-mc-00221 (JB)<br>Case No. 1:07-mc-00222 (JB) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION OF CONGRESSMEN
DARRELL E. ISSA, BRIAN P. BILBRAY AND DUNCAN HUNTER
TO VACATE SEPTEMBER 18, 2007 MEMORANDUM OPINION AND ORDER**

Congressman Issa, Bilbray and Hunter respectfully request that this Court vacate its September 18, 2007 Memorandum Opinion and Order, reported at 506 F. Supp. 2d 30 (D.D.C. 2007) ("September 18 Ruling"), because the three Members will be unable to obtain appellate review of the September 18 Ruling as a result of three recent developments beyond the Members' control: (i) the resolution by the federal Court in San Diego of the underlying case on its merits, *see Trunk v. City of San Diego*, Nos. 06-01587, 06-01728, 2008 WL 2917123 (S.D. Cal. July 29, 2008) (Burns, J.); (ii) the JWV Plaintiffs' abandonment of their claims in this matter, *see* Plaintiffs' Praecipe at 1 (Aug. 20, 2008) ("Plaintiffs here no longer seek production of the documents so far withheld by Congressmen Hunter, Issa, and Bilbray"); and (iii) this Court's dismissal of this matter "in light of plaintiffs' praecipe." Minute Order (Aug. 20, 2008).

**INTRODUCTION**

These subpoena enforcement matters were all ancillary to *Jewish War Veterans of the United States of America, Inc., et al. v. Gates*, No. 06-cv-1728 (S.D. Calif.), an Establishment Clause case consolidated in the federal Court in San Diego with *Trunk, et al. v. City of San Diego, et al.*, No. 06-cv-1597 (S.D. Calif.).

As this Court is aware, promptly after the Court issued the September 18 Ruling – granting in part and denying in part motions filed by the JWV Plaintiffs to compel the three Members to produce documents – the three Members sought appellate review of three principal aspects of that ruling:

- the holding that the documents responsive to the subpoenas were relevant to the JWV Plaintiffs' First Amendment claim;

- the holding that documents that reflect activities that do not lead directly to legislation are "political" in nature rather than legislative and, therefore, are not protected by the Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1.; and

- the holding that the Court could review *in camera* – without the JWV Plaintiffs having to satisfy any legal standard in order to obtain such review – documents the Members contend are Speech or Debate protected.

In the Court of Appeals, the JWV Plaintiffs did not seriously defend, on their merits, the latter two aspects of the September 18 Ruling.[1]

After the appeal was fully briefed, the D.C. Circuit dismissed it for lack of jurisdiction on

---

[1] While the appeal was pending, the three Members produced those responsive documents – in excess of 300 pages – as to which no stay pending appeal had been entered. *See* Status Report (D.D.C. Jan. 16, 2008).

2

ripeness grounds: "the district court's decision did not order the disclosure of any particular document to which a Speech or Debate Clause objection had been made. . . . A ruling from this Court now would force us to review the district court's assessment of the Speech or Debate Clause in theoretical terms." Judgment at 2, *Jewish War Veterans of the United States of America, Inc., et al. v. Gates*, No. 07-5335 (D.C. Cir. May 6, 2008), attached as Exhibit 1.

Subsequently, as noted above, Judge Burns resolved the underlying case by granting defendants' motion for summary judgment and denying plaintiffs' motions for summary judgment. *Trunk*, 2008 WL 2917123. He entered a final judgment against all of the plaintiffs on July 31, 2008. *See* Judgment in a Civil Case, No. 06-01597 (S.D. Cal. July 31, 2008), and Judgment in a Civil Case, No. 06-01728 (S.D. Cal. July 31, 2008), attached collectively as Exhibit 2.

In his July 29 ruling, Judge Burns noted expressly that "[a]ll parties agree the record is complete, and the Court may decide the issue on summary judgment." 2008 WL 2917123 at *1. On the merits, he determined, among other things, that it was appropriate to analyze the claims "under both the *Lemon* and *Van Orden* tests," *id*. at *5, and specifically held that Congress' purpose in acquiring the Mt. Soledad Veterans Memorial must be analyzed by reference to "objective evidence." *Id*. at *7. *See also id*. ("While [most of Plaintiffs' evidence] may be relevant to evaluating the possible motives of a few local members of Congress, it has no bearing on the motives or purposes of Congress as a whole, which is the proper inquiry here."). Finally, Judge Burns denied "all other pending motions . . . as moot," including at least one outstanding discovery motion. *Id*. at *22.

This Court dismissed this matter on August 20, "in light of plaintiffs' praecipe,"before

the Members could move to dismiss on grounds of mootness which they intended to do in accordance with their counsel's representations at the August 1, 2008 status conference, and in accordance with this Court's August 1, 2008 Minute Order.

## ARGUMENT

**I.     These Ancillary Subpoena Enforcement Matters Became Moot When Judge Burns Resolved the Underlying Establishment Clause Action on Its Merits.**

It is axiomatic that subpoenas may only be enforced in the context of a pending lawsuit. *See, e.g.*, 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2456 (4th ed. 2008) ("The purpose of a subpoena duces tecum is to compel the production of documents or things relevant to the facts in issue in a *pending* judicial proceeding.") (emphasis added).

While this Court's August 20 Minute Order does not mention mootness, it is clear that these ancillary subpoena enforcement matters have, both factually and legally, become moot because there is no longer a pending judicial proceeding as a result of Judge Burns' entry of a final judgment in a favor of the defendants and his dismissal of the JWV Plaintiffs' complaint with prejudice. *See, e.g., Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (citation omitted); *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008) ("'Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.'") (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)); *West v. Jackson*, 538 F. Supp. 2d 12, 23 (D.D.C. 2008) ("Defendant's motion to dismiss or for summary judgment . . . will be granted. As a result, [plaintiff]'s motion to compel subpoena . . . will be denied as moot.").

The fact that these subpoena enforcement matters were filed in a federal court other than

the Court in which the underlying action was filed is of no consequence because this Court's subpoena enforcement authority derives from the jurisdiction of the federal Court in San Diego. *See McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 334 (4th Cir. 2001) ("[A]n ancillary court's power to issue and enforce subpoenas is entirely dependent upon the jurisdiction of the court in which the underlying action is pending.") (citing *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988)).

This Circuit, in particular, has made it clear that ancillary discovery disputes become moot once the underlying case has ended because at that point there is no longer a trial proceeding in aid of which a discovery subpoena could issue. *See, e.g.*, *Lopez Contractors, Inc. v. F&M Bank Allegiance*, 90 F. App'x 549, 550 (D.C. Cir. 2004) ("As the underlying action has been decided . . ., this collateral discovery dispute is now moot."); *City of El Paso v. S.E. Reynolds*, 887 F.2d 1103, 1105-06 (D.C. Cir. 1989) (dismissing as moot appeal from district court order which resolved ancillary subpoena matter on Speech or Debate grounds, where underlying case was dismissed during pendency of appeal).

The JWV Plaintiffs' appeal from Judge Burns' decision, which was noticed on August 22, 2008, is also of no consequence. "That appellants have appealed the adverse state court ruling does not suffice to keep this collateral [discovery] proceeding alive as 'there is no longer a trial proceeding in aid of which a subpoena for a discovery deposition may issue.'" *Lopez Contractors*, 90 F. App'x at 550 (quoting *City of El Paso*, 887 F.2d at 1105). *See also Utah v. U.S. Dep't of Interior*, No. 06-4240, 2008 WL 2955581 at *11 n.7 (10th Cir. Aug. 4, 2008) ("[N]ew evidence not submitted to the district court is not properly part of the record on appeal.").

### II. This Court's September 18, 2007 Memorandum Opinion and Order Should Be Vacated Because the Three Members Will Have No Opportunity To Obtain Appellate Review.

This Court should vacate the September 18 Ruling because, as a result of the mootness and dismissal of these consolidated subpoena enforcement proceedings, the three Members will be unable to obtain appellate review of that ruling:

> [T]hose who have been prevented from obtaining the review to which they are entitled should not be treated as if there had been review. . . . The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. . . . That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.

*U.S. v. Munsingwear*, 340 U.S. 36, 39-40 (1950) (internal citations omitted). *See also U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment."); *City of El Paso*, 887 F.2d at 1106 ("The customary disposition of a case that has become moot on appeal requires that the judgment under review be vacated. . . . [W]e affirm the quashal of the subpoenas [which were quashed below on Speech or Debate grounds] . . . on grounds of mootness while directing that the decision be vacated insofar as it determines the constitutional question.") (citations omitted); *Lopez Contractors*, 90 F. App'x at 550 (affirming lower court's quashal of subpoena on grounds of mootness, and "vacat[ing] the decision below insofar as it reached the merits of the [subpoenaed party's] federal defense."); *Fund for Animals v. Mainella*, 335 F. Supp. 2d 19, 25 (D.D.C. 2004)

("Vacatur is not simply a tool used by appellate courts, as district courts have used the doctrine to vacate their own opinions.").

Here, the three Members will be unable to obtain appellate review of the September 18 Ruling through no fault of their own. The three Members sought appellate review with respect to the issues identified above, *see supra* at 2, at the earliest possible time. *See* Notice of Appeal (D.D.C. Sept. 27, 2007). In the D.C. Circuit, they aggressively contested the JWV Plaintiff's suggestion that the Circuit Court lacked appellate jurisdiction. *See* Opposition of Appellants Duncan Hunter, Darrell E. Issa and Brian P. Bilbray to Plaintiffs' Motion to Dismiss Appeal, *Jewish War Veterans of the United States of America, Inc., et al. v. Gates*, No. 07-5335 (D.C. Cir. Nov. 13, 2007); Brief of Appellants at 13-23, *Jewish War Veterans of the United States of America, Inc., et al. v. Gates*, No. 07-5335 (D.C. Cir. Feb. 20, 2008); Reply Brief of Appellants at 3-16, *Jewish War Veterans of the United States of America, Inc., et al. v. Gates*, No. 07-5335 (D.C. Cir. April 4, 2008). They did not participate in the briefing on the summary judgment motions in the underlying action, nor did they play any role in the rendering of the July 29 decision, nor did they play any role in the JWV Plaintiffs' decision to abandon their claims here.

In short, these subpoena enforcement matters have become moot, and the three Members have been precluded from obtaining appellate review, through the normal procedural playing out of the underlying litigation and by the JWV Plaintiffs' unilateral abandonment of their effort to obtain "production of the documents so far withheld by" the three Members. Plaintiffs' Praecipe at 1. The frustration of appellate review under these circumstances makes vacatur wholly appropriate under *Munsingwear* and *U.S. Bancorp*. *See U.S. Bancorp*, 513 U.S. at 27 ("*Munsingwear* establishes that the public interest is best served by granting relief [in the form

of vacatur] when the demands of 'orderly procedure' [in the form of "appeal as of right and certiorari"] cannot be honored.") (citations omitted).

## CONCLUSION

For all the foregoing reasons, this motion should be granted.

        Respectfully submitted,

        IRVIN B. NATHAN, General Counsel
        (D.C. Bar # 90449)
        s/Kerry W. Kircher
        KERRY W. KIRCHER, Deputy General Counsel
        (DC Bar #386816)
        CHRISTINE DAVENPORT, Assistant Counsel
        JOHN FILAMOR, Assistant Counsel
        (DC Bar #476240)
        RICHARD KAPLAN, Assistant Counsel
        (DC Bar # 978813)
        Office of General Counsel
        U.S. House of Representatives
        219 Cannon House Office Building
        Washington, D.C. 20515
        202/225-9700 (telephone)
        E-mail: kerry.kircher@mail.house.gov

        Counsel for Congressmen Darrell E. Issa, Brian P. Bilbray and Duncan Hunter

August 27, 2008

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2008, I served the foregoing Motion, and Memorandum of Points and Authorities in Support thereof, of Congressmen Darrell E. Issa, Brian P. Bilbray and Duncan Hunter to Vacate September 18, 2007 Memorandum Opinion and Order, through the electronic case filing system and by first-class mail, postage prepaid, on the following:

    A. Stephen Hut, Jr., Esq.
    Ryan P. Phair, Esq.
    Adam M. Raviv, Esq.
    Wilmer Cutler Pickering Hale and Dorr
    1875 Pennsylvania Avenue, N.W.
    Washington, D.C.  20006

    Ryan Nelson, Deputy Assistant Attorney General
    Peter J. McVeigh, Attorney Advisor
    Kenneth Stegeby, Attorney Advisor
    Environment and Natural Resources Division
    U.S. Department of Justice
    Main Justice Building
    950 Pennsylvania Avenue, N.W.
    Room 2612
    Washington, D.C.  20530

                                               s/Kerry W. Kircher
                                               Kerry W. Kircher

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JEWISH WAR VETERANS OF THE ) <br> UNITED STATES OF AMERICA, INC., ) <br> RICHARD A. SMITH, MINA SAGHEB, ) <br> and JUDITH M. COPELAND, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROBERT M. GATES, ) <br> Secretary of Defense, in His Official Capacity, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:07-mc-00220 (JB) <br> Case No. 1:07-mc-00221 (JB) <br> Case No. 1:07-mc-00222 (JB) |

**ORDER**

UPON CONSIDERATION of the Motion of Congressmen Darrell E. Issa, Brian P. Bilbray and Duncan Hunter to Vacate September 18, 2007 Memorandum Opinion and Order ("Motion"), the opposition thereto, if any, and the entire record herein, it is by the Court this

_____ day of _____, 2008 ORDERED

That, for all the reasons stated in the Memorandum of Points and Authorities filed in support of the Motion, the Motion is GRANTED. IT IS FURTHER ORDERED

That this Court's September 18, 2007 Memorandum Opinion and Order in this matter be and hereby is vacated.

_____
Honorable John Bates, U.S. District Judge

copies to:

Kerry W. Kircher, Deputy General Counsel
Office of General Counsel
U.S. House of Representatives
219 Cannon House Office Building
Washington, D.C. 20515

A. Stephen Hut, Jr., Esq.
Ryan P. Phair, Esq.
Adam M. Raviv, Esq.
Wilmer Cutler Pickering Hale and Dorr
1875 Pennsylvania Avenue, N.W.
Washington, D.C.   20006

Ryan Nelson, Deputy Assistant Attorney General
Peter J. McVeigh, Attorney Advisor
Kenneth Stegeby, Attorney Advisor
Environment and Natural Resources Division
U.S. Department of Justice
Main Justice Building
950 Pennsylvania Avenue, N.W.
Room 2612
Washington, D.C.   20530

# Exhibit 1

Case No. 1:07-mc-00220 (JB)
Case No. 1:07-mc-00221 (JB)
Case No. 1:07-mc-00222 (JB)

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5335**                                              **September Term, 2007**

Filed On: May 6, 2008

Jewish War Veterans of the United States of America,
Inc., et al.,
        Appellees

    v.

Robert M. Gates, Secretary of Defense, in his Official
Capacity,
        Appellee

Darrell E. Issa, U.S. Representative; Brian P. Bilbray,
U.S. Representative; Duncan Hunter, U.S.
Representative,
        Appellants.

Appeal from the United States District Court
for the District of Columbia
(No. 07ms-00220)

**BEFORE:**    SENTELLE, *Chief Judge*, RANDOLPH and ROGERS, *Circuit Judges*.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).

Appellants, three Congressmen, ask us to review an order granting in part and denying in part a motion to compel compliance with subpoenas seeking documents relevant to an ongoing Establishment Clause challenge to the Mt. Soledad Veterans Memorial. *See Jewish War Veterans of U.S.A., Inc. v. Gates*, 506 F. Supp. 2d 30 (D.D.C. 2007). The appeal rests on appellants' claim that the order forces them to produce documents in violation of the Speech or Debate Clause of the Constitution, U.S. CONST. art. I, § 6, cl. 1.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5335**                                              **September Term, 2007**

However, the district court's decision did not order the disclosure of any particular document to which a Speech or Debate Clause objection had been made. It simply sketched a framework of the Speech or Debate Clause. *Jewish War Veterans*, 506 F. Supp. 2d at 52–60. Recognizing that its opinion did not "establish the brightest of lines, leaving room for disagreement as to which documents must be disclosed," the court concluded in appellants' favor that "judicial resolution of the claims of legislative privilege is a last resort, not a first step." *Id.* at 61–62. Accordingly, the court "entrust[ed] the Members with the initial—and perhaps the ultimate—responsibility of applying the principles set forth in [its] Memorandum Opinion" to the subpoenaed documents. *Id.* at 62.

At this point in the litigation, appellants have not claimed that any particular document is privileged. A ruling from this Court now would force us to review the district court's assessment of the Speech or Debate Clause in theoretical terms. And while the district court kept "open the possibility of conducting a review of the documents" in the future, it expected "that the Members will honor their commitment to producing documents that are relevant and not privileged," making later *in camera* review unnecessary. *Id.* (internal quotation marks omitted). As we have stated many times before, "a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Devia v. Nuclear Regulatory Comm'n*, 492 F.3d 421, 425 (D.C. Cir. 2007) (internal quotation marks omitted).

It is **ORDERED AND ADJUDGED** that the appeal be dismissed for lack of jurisdiction.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. See FED R. APP. P. 41(b); D.C. CIR. R. 41.

 

                                                   **Per Curiam**
                                                   **FOR THE COURT:**
                                                   Mark J. Langer, Clerk

                                   BY:    /s/
                                                   Michael C. McGrail
                                                   Deputy Clerk

# Exhibit 2

Case No. 1:07-mc-00220 (JB)
Case No. 1:07-mc-00221 (JB)
Case No. 1:07-mc-00222 (JB)

# UNITED STATES DISTRICT COURT

### Southern District of California

Steve Trunk, et al.

                          Plaintiff,

v.

                          Case No.: 3:06-cv-01597-LAB-WMC
                          Judge  Larry Alan Burns

City of San Diego, et al.

                          Defendant.

### JUDGMENT IN A CIVIL CASE

_____  **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

\_\_X\_\_  **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED Plaintiffs' motion for summary judgment is denied. Defendants' motion for summary judgment is granted. Plaintiffs' request for declaratory and injunctive relief is denied, and the complaints, now consolidated, are dismissed with prejudice.

                                                            W. Samuel Hamrick, Jr.,
                                                                 Clerk of the Court

Date: 7/31/08

                                                            By: s/ P. Dela Cruz, Deputy Clerk

                                                            ENTERED ON: July 31, 2008

# UNITED STATES DISTRICT COURT

### Southern District of California

Jewish War Veterans of the United States of America, Inc., et al.

              Plaintiff,

v.

              Case No.:
              3:06-cv-01728-LAB-WMC
              Judge Larry Alan Burns

Robert M Gates

              Defendant

### JUDGMENT IN A CIVIL CASE

_____ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

__X__ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED Plaintiffs' motion for summary judgment is denied. Defendants' motion for summary judgment is granted. Plaintiffs' request for declaratory and injunctive relief is denied, and the complaints, now consolidated, are dismissed with prejudice

                      W. Samuel Hamrick, Jr.,
                      Clerk of the Court

Date: 7/31/08

                      By: s/ P. Dela Cruz, Deputy Clerk

                      ENTERED ON: July 31, 2008